David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Ste. 460
Phoenix, Arizona 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for the Plaintiffs
Jether and Brittany Dodd

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Jether Dodd and Brittany Dodd<br><br>                      Plaintiffs,<br>v.<br><br>Stoneleigh Recovery Associates, LLC<br><br>                      Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Jether Dodd and Brittany Dodd, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Stoneleigh Recovery Associates, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiffs are natural persons who reside in the City of Mesa, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Lombard, the County of DuPage, and the State of Illinois.

12. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiffs were individuals residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before September 2010, Plaintiffs are alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before September 2010, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently take no position as to the validity of this alleged debt.

19. Subsequently, but before September 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about September 2010, Defendant began calling Plaintiffs in an attempt to collect the alleged debt.

21. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. During one of Defendant's first calls to Plaintiff Brittany Dodd, who was nine months pregnant at the time, Defendant's agent refused to identify herself, or the company she was calling from.

23. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity.  Consequently, Defendant violated 15 U.S.C. § 1692d(6).

24. Defendant failed to disclose in these calls with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

25. During this call, Plaintiff Brittany Dodd, requested something in writing regarding the debt. Defendant's agent's response was that she would not send anything in writing to Plaintiff because a previous letter had been returned as undeliverable to Plaintiffs' address.

26. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

27. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

28. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

29. Defendant failed within <u>five days</u> after its initial communication with Plaintiffs, to provide written notification containing a statement that unless Plaintiffs, within thirty days after receipt of that notice, disputed the validity

of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiffs to provide a written notice containing a statement that if Plaintiffs notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by Defendant and that Defendant would provide Plaintiffs with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

30. During this same call Defendant's agent was extremely rude, aggressive, and condescending towards Plaintiff Brittany Dodd. Furthermore, Defendant's agent made threats including that Defendant would take legal action against Plaintiffs.

31. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

32. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

33. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

34. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

35. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

36. Upset after being abused by Defendant's agent, Plaintiff Brittany Dodd requested to speak to a supervisor. At this time, Plaintiff Brittany Dodd was transferred to "Manager" Jesse Sanchez.

37. Mr. Sanchez was just as rude, aggressive, and condescending as the first agent. Mr. Sanchez we as far as to call Plaintiff a "liar," and a "manipulator." In addition to making comments such as, "I deal with people like you all day long. Don't lie to me!"

38. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

39. Through this conduct, Defendant used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. Consequently, Defendant violated 15 U.S.C. § 1692d(2).

40. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Plaintiff was then forced to end this call due to being extremely upset and concerned about any negative effect on her unborn child.

42. Defendant's agent Jesse Sanchez proceeded to call Plaintiffs' throughout the entire month of September. Sometimes, several calls per day.

43. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

44. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to

annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

45. When Defendant's agent would talk to Plaintiff Brittany Dodd, he would continue his abusive, rude, aggressive, and condescending manner, making vague threats and accusing Plaintiff of lying.

46. Despite Plaintiff making a payment, the calls continued as soon as the next week.

47. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

48. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

49. Defendant's agent called both Plaintiffs several times and left voicemails for a return call, in an attempt to collect the alleged debt.

50. When leaving these messages, Defendant would fail to identify the company he was calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

51. Defendant failed to disclose in these messages with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

52. Due to Defendant's actions, Plaintiffs' have suffered actual damages in the form of mental anguish including hopelessness, pessimism, nervousness, embarrassment, restlessness, irritability, guilt, depression, sadness, fear of

answering the telephone, and fear of undue strain on their unborn child, all impacting their marriage and personal relationships.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

56. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

57. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

58. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

**TRIAL BY JURY**

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: October 7, 2010

**Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff